## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD G. DANDAR ) | |
|       Petitioner, ) | C.A. No. 06-46 Erie |
| ) | |
| v. ) | |
| ) | District Judge McLaughlin |
| DAVID GOOD, et al., ) | Magistrate Judge Baxter |
|       Respondents. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the instant petition for writ of *habeas corpus* be denied for lack of jurisdiction, and that a certificate of appealability be denied.

**II.    REPORT**

    **A.    Relevant Factual and Procedural History**

On March 21, 1983, a jury empaneled by the Court of Common Pleas of Erie County convicted Petitioner at Criminal Docket Nos. 1462 through 1467 of 1982 of various crimes, including criminal attempt, unsworn falsifications, tampering with records, forgery, theft by deception, and criminal attempt at forgery. On August 31, 1983, the Honorable William E. Pfadt sentenced him to an aggregate period of incarceration of 15 to 30 years plus 30 years probation. He received his probation sentences on the convictions at Criminal Docket Nos. 1465, 1466, and 1467 of 1982.

On or around July 23, 2002, Petitioner (who was on parole at the time) filed with this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged his August 31, 1983, judgment of sentence. On June 9, 2005, this Court issued a Report and Recommendation recommending that the petition be dismissed as untimely under the statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that a certificate of appealability be denied. On July 27, 2005, Judge McLaughlin adopted the

Report and Recommendation as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability.

In the meantime, Petitioner was recommitted as a technical parole violator and, in addition, faced revocation of his sentences of probation that he had received at Criminal Docket Nos. 1465 and 1467 of 1982. On February 5, 2004, the Honorable William R. Cunningham presided over a probation revocation hearing. The next day, on February 6, 2004, Judge Cunningham issued an order revoking the sentences of probation and sentencing Petitioner to substantial terms of imprisonment.

On or around December 27, 2005, Petitioner initiated in this court a habeas corpus action in which he challenged his February 6, 2004, probation revocation judgment of sentence. This Court has issued a Report and Recommendation recommending that that petition be denied as untimely and procedurally barred, and that a certificate of appealability be denied.

In February 2006, Petitioner filed the instant habeas corpus petition. In this petition, he once again challenges his August 31, 1983 judgment of sentence – the same judgment of sentence that he previously challenged in this court at Civil Action No. 02-222 (Erie). It appears that he is also challenging his February 6, 2004 probation revocation judgment of sentence – the same judgment of sentence that he previously challenged in this court at Civil Action No. 05-472 (Johnstown).

### B.   Discussion

Because this petition is not the first federal habeas corpus petition challenging either his August 31, 1983, judgment of sentence, or his February 6, 2004, judgment of sentence, this petition is subject to the authorization requirements set forth at 28 U.S.C. § 2244(b).

In pertinent part, § 2244(b) mandates that, before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. §2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies

§2244's substantive requirements, which are set forth in §2244(b)(2).  See  U.S.C. §2244(b)(3)(C). This allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings.  Burton v. Stewart, __ U.S. __,  127 S.Ct. 793, 794-99, 166 L.Ed.2d 628 (2007)

      A review of the computerized dockets of the Court of Appeals for the Third Circuit Court shows that Petitioner has not sought nor received from it permission to file a second or successive petition.  Therefore, the instant habeas petition must be dismissed because this court lacks jurisdiction.  Burton, 127 S.Ct. at 794-99.

      **C.**      **Certificate of Appealability**

      Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended Section 2253 provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition.  Accordingly, a certificate of appealability should be denied.

**III.**    **CONCLUSION**

      For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be denied for lack of jurisdiction, and that a certificate of appealability be denied.

      In accordance with 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file

written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                    <u>/s/ Susan Paradise Baxter</u>
                    SUSAN PARADISE BAXTER
                    Chief U.S. Magistrate Judge

Dated: May 11, 2007